JUDGE RAKOFF

13 CIV 7996

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RELIANCE GLOBAL TRADE, INC.,

                              Plaintiff,

-against-

JACK ENGLE & CO.,

                              Defendant.
-----------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

The Plaintiff, RELIANCE GLOBAL TRADE, INC., by way of Complaint as against the Defendants says:

### PRELIMINARY STATEMENT

1.    This cause of action arises out of a transaction between a New York-based Seller and a California-based Purchaser of scrap insulated copper wire. Purchaser took delivery of the scrap insulated copper wire and now fails to abide by its original agreement with Seller. Upon information and belief, Purchaser has defamed and libeled Seller in its business by making false reports to third parties including trade organizations.

### PARTIES

2.    The Plaintiff, RELIANCE GLOBAL TRADE, INC. (hereinafter referred to as "RELIANCE"), is a New Jersey corporation with its nerve center and principal address at 8225 Fifth Avenue, Brooklyn, New York 11209.

3.    The Defendant, JACK ENGLE & CO. (hereinafter referred to as "ENGLE") is a California corporation with its principal address at 8440 S. Alameda Street, Los Angeles, California 90001.

1

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332. The parties are corporations who are incorporated and whose respective nerve centers are located in different states and the amount in controversy exceeds the minimum jurisdictional amount of $75,000.00.

## VENUE

5. The New York venue is proper as the negotiations for the Purchase Orders took place in New York and the Purchase Order states "FAS New York" as a term. Moreover, another forum of adjudication would be substantially inconvenient for RELIANCE, as RELIANCE has never purposefully availed itself of another jurisdiction other than New York and ENGLE is a much larger company with substantially greater resources.

## FACTUAL ALLEGATIONS

6. On or about July 25, 2013, RELIANCE and ENGLE agreed to the delivery of a specified amount of scrap insulated copper wire subject to terms in a Purchase Order. RELIANCE was the Seller of the insulated copper wire and ENGLE was the PURCHASER.

7. On or before August 10, 2013, RELIANCE delivered conforming scrap insulated copper wire as per the terms of the Purchase Order dated July 25, 2013.

8. On or before August 10, 2013, RELIANCE satisfied the terms of the Purchase Order dated July 25, 2013.

9. At no relevant time did RELIANCE fail to satisfy the terms of the Purchase Order.

10. In a letter dated September 20, 2013, ENGLE (through counsel) made outrageous claims as against RELIANCE and RELIANCE's failure to satisfy the terms of the Purchase Order.

11. In a letter dated September 20, 2013, ENGLE (through counsel) referenced outrageous claims made by ENGLE in communications dated September 10, 2013 and September 16, 2013.

12. In a letter dated September 20, 2013, ENGLE (through counsel) made the claim that the material supplied was "low grade."

13. In a letter dated September 20, 2013, ENGLE (through counsel) made the demand for a downgrade payment of $82,045.27 because the material supplied was "low grade."

14. In a letter dated September 20, 2013, ENGLE (through counsel) made the demand for a downgrade payment of $82,045.27 or in the alternative reimbursement to ENGLE of "the full purchase price of $203,293.89."

15. All claims as to RELIANCE's failure to perform with respect to the Purchase Order dated July 25, 2013, in a letter dated September 20, 2013, ENGLE are false.

16. All claims as to RELIANCE's failure to perform with respect to the Purchase Order dated July 25, 2013, in a letter dated September 20, 2013, ENGLE are injurious to RELIANCE's business reputation.

17. ENGLE has threatened to report RELIANCE to the Institute of Scrap Recycling Industries (ISRI) Board (an international trade organization) for fraud.

18. At no relevant time did RELIANCE engage in any fraud.

19. Upon information and belief, ENGLE made false statements to third parties concerning RELIANCE.

20. Upon information and belief, ENGLE made false statements to third parties concerning RELIANCE and fraud.

21. Upon information and belief, ENGLE wrote and / or published false statements to third parties concerning RELIANCE.

22. Upon information and belief, ENGLE wrote and / or published false statements to third parties concerning RELIANCE and fraud.

23. The false statements made and / or published by ENGLE are injurious to RELIANCE and RELIANCE's business reputation.

## FIRST CLAIM

## DEFAMATION - SLANDER *PER SE*

24. All of the foregoing paragraphs are reiterated and restated as if fully stated herein.

25. ENGLE made false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation to third parties.

26. Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation are harmful to RELIANCE's business interests.

27. Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation constitute SLANDER *PER SE*.

28.     Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation have caused RELIANCE severe and substantial harm in an amount to be determined at trial but under no circumstances are less than the minimum jurisdictional amounts in this court.

WHEREFORE, Plaintiff RELIANCE GLOBAL TRADE, INC., demands judgment as against Defendant JACK ENGLE & SONS, CO., along with damages, costs, attorneys' fees, interest, punitive damages, and such other and further relief as the court deems proper and just.

## SECOND CLAIM

## DEFAMATION - LIBEL *PER SE*

29.     All of the foregoing paragraphs are reiterated and restated as if fully stated herein.

30.     ENGLE published false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation to third parties.

31.     Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation are harmful to RELIANCE's business interests.

32.     Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation constitute SLANDER *PER SE*.

33.     Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation have caused RELIANCE severe and substantial harm in an amount to be determined at trial but under no circumstances are less than the minimum jurisdictional amounts in this court.

WHEREFORE, Plaintiff RELIANCE GLOBAL TRADE, INC., demands judgment as against Defendant JACK ENGLE & SONS, CO., along with damages, costs, attorneys' fees, interest, punitive damages, and such other and further relief as the court deems proper and just.

### THIRD CLAIM

### DEFAMATION – SLANDER

34. All of the foregoing paragraphs are reiterated and restated as if fully stated herein.

35. ENGLE made false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation.

36. Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation are harmful to RELIANCE's business interests.

37. Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation have caused RELIANCE severe and substantial harm in an amount to be determined at trial but under no circumstances are less than the minimum jurisdictional amounts in this court.

WHEREFORE, Plaintiff RELIANCE GLOBAL TRADE, INC., demands judgment as against Defendant JACK ENGLE & SONS, CO., along with damages, costs, attorneys' fees, interest, punitive damages, and such other and further relief as the court deems proper and just.

## FOURTH CLAIM

## DEFAMATION - LIBEL

38. All of the foregoing paragraphs are reiterated and restated as if fully stated herein.

39. ENGLE made false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation.

40. Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation are harmful to RELIANCE's business interests.

41. Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation have caused RELIANCE severe and substantial harm in an amount to be determined at trial but under no circumstances are less than the minimum jurisdictional amounts in this court.

WHEREFORE, Plaintiff RELIANCE GLOBAL TRADE, INC., demands judgment as against Defendant JACK ENGLE & SONS, CO., along with damages, costs, attorneys' fees, interest, punitive damages, and such other and further relief as the court deems proper and just.

## FIFTH CLAIM

## TRADE LIBEL

42. All of the foregoing paragraphs are reiterated and restated as if fully stated herein.

43. ENGLE made false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation.

44. Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation are harmful to RELIANCE's business interests.

45. Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation were made specifically to harm RELIANCE's business interests.

46. Such false, defamatory and injurious statements as about RELIANCE and RELIANCE's business reputation have caused RELIANCE severe and substantial harm in an amount to be determined at trial but under no circumstances are less than the minimum jurisdictional amounts in this court.

WHEREFORE, Plaintiff RELIANCE GLOBAL TRADE, INC., demands judgment as against Defendant JACK ENGLE & SONS, CO., along with damages, costs, attorneys' fees, interest, punitive damages, and such other and further relief as the court deems proper and just.

## SIXTH CLAIM

## BREACH OF CONTRACT

47. All of the foregoing paragraphs are reiterated and restated as if fully stated herein.

48. ENGLE and RELIANCE made an agreement regarding the delivery of scrap insulated copper wire.

49. ENGLE breached the terms of the agreement made.

50. Such breach by ENGLE has caused harm to RELIANCE in an amount to be determined at trial but under no circumstances are less than the minimum jurisdictional amounts in this court.

WHEREFORE, Plaintiff RELIANCE GLOBAL TRADE, INC., demands judgment as against Defendant JACK ENGLE & SONS, CO., along with damages, costs, attorneys' fees, interest, punitive damages, and such other and further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Jonathan W. Tribiano, Esq., is designated as trial counsel in the above-captioned matter.

Dated: November 7, 2013

JONATHAN W. TRIBIANO, ESQ.
1811 Victory Boulevard
Staten Island, NY 10314
718-530-1445
jwtribiano@jwtesq.com

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc: